## Wilbur Spearhaus, Appellee, v. Terminal Railroad Association, Appellant.

1. RAILROADS—*negligence.* Counts which aver that the defendant railroad company was under a duty to furnish a watchman to warn plaintiff and other workmen of the approach of trains, because said company had assumed to do so, and that said watchman negligently failed to warn the plaintiff of the approach of a train, and also that the company consented that plaintiff and others might enter upon the work and that while plaintiff was so engaged the company negligently operated a train without lights or other warning whereby plaintiff, while exercising due care, was injured, state a good cause of action.

2. RAILROADS—*pleading.* Where a railway company agrees with an electric railway company to furnish watchmen to warn servants of the latter of the approach of trains while certain work is being performed, a count of a declaration in an action by a servant of the electric company against the railway company alleging a duty to furnish a watchman, and negligent failure of the watchman furnished to warn the plaintiff, is not based on a failure of duty arising out of breach of contract, but upon the negligent act of the servant of the railway company.

3. RAILROADS—*negligence.* Where a railway company agrees to furnish watchmen to warn workmen of an electric railway company of the approach of trains, if the railway company owes any duty to protect such workmen and they are led to rely on a warning and are injured by a negligent failure to give it, the railway company is guilty of negligence, and the alleged agreement between the companies is immaterial to the workmen since they cannot avail themselves of a breach of it, or be bound by it.

4. VARIANCE—*when not substantial.* The variance is not material where counts charge that plaintiff was engaged in a tunnel in constructing and erecting wires, and while so engaged an engine collided with him, and the evidence is that he entered the tunnel on his way to work carrying a ladder, and that the ladder was struck by an engine injuring him.

5. RAILROADS—*care to protect invitees.* Where a railway company agrees to allow workmen of another company to put wires in a tunnel, and to furnish a watchman to warn them of the approach of trains, the fact that such other company also furnishes watchmen does not relieve the railway company of its duty to use reasonable care to protect its invitees, and whether care commensurate with the peril was used, is a question for the jury.

6. INSTRUCTIONS—*when alleged error in refusing waived.* Al-

leged error in refusing instructions will be deemed to have been waived where no reason is given why they should have been given.

Action in case for personal injuries. Appeal from the City Court of East St. Louis; the Hon. M. MILLARD, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed October 7, 1912.

T. M. PIERCE and KRAMER, KRAMER & CAMPBELL, for appellant.

WEBB & WEBB, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

After verdict there was a judgment in this case in favor of appellee, from which appellant has appealed to this court. The record shows that appellant at the close of the evidence asked an instruction directing a verdict for appellant which was refused. Error is first claimed on this ruling on the ground the declaration which was composed of three counts stated no cause of action.

The first count charged that appellant was operating a tunnel in the State of Missouri commencing at or near the west bank of the Mississippi River and running thence under the City of St. Louis, and operating railroad tracks extending west in said tunnel and over the Eads Bridge across the river extending east, and was operating trains over said tracks; that at that time and prior thereto the E. St. Louis & Suburban Railway Company hereinafter called the railway company, operated a street railway over said bridge from East St. Louis to St. Louis by electricity, and in order to supply the electric current it had constructed and maintained some of its wires in said tunnel; that appellant consented to such construction and maintenance and agreed to and did furnish said railway company a watchman to protect and warn its servants against approaching trains of appellant in said tunnel while the servants of said railway company were en-

gaged in constructing said wires in said tunnel, and that while said servants were so engaged in constructing and erecting said wires and the watchman of appellant was present with the servants of the railway company for the purpose aforesaid, and while the servants of said railway company were entering said tunnel and approaching the point therein where said wires were to be constructed, appellant drove a certain engine and train of cars from the City of St. Louis toward and up to the point where the servants of the railway company were constructing said wires, and said watchman negligently failed to warn the said servants of the approach of the train, whereby appellee who was employed by said railway company and who was attempting to get to the point where said wires were to be constructed or erected without knowledge or means of knowledge of the approach of said engine and train, and while in the exercise of care, was struck by said engine and injured.

The first count is based on the duty of appellant to furnish a watchman to warn the servants of the Electric Railway Company of approaching trains arising out of an assumption on the part of appellant to do so, and it is charged that the negligent failure of the watchman to so warn appellee was the cause of the injury. No other breach of duty is charged in that count.

It is argued that the alleged agreement to furnish a watchman being between the appellant and the railway company, appellee could not avail himself of a breach of it as it was not made for his benefit.

The count is not based on any failure of duty to appellee arising out of a breach of contract, but upon the negligent act of the servant of appellant which it had provided for the purpose of warning appellee of approaching trains after assuming to do so. If appellant owed appellee any duty to protect him from danger while on the premises and he was led by appellant to rely upon a warning for that purpose, and was in-

jured by a negligent failure to give it, appellant was
guilty of negligence and in such case it was immaterial
so far as appellee was concerned that appellant had
agreed with the railway company to furnish such
watchman. Appellee not being a party to the agree-
ment could not avail himself of a breach of it, neither
could he be bound by it. "The true question always
is has the defendant committed a breach of duty apart
from the contract? If he has committed a breach of
duty he is not protected by setting up a contract in
respect of the same matter with another person."
(Whitaker's Smith on Negligence, page 10.)

The averments of the count further show a duty to
exercise reasonable care toward appellee while upon
appellant's premises. It is charged that appellant con-
sented to an erection and construction of the wires
thereon.

"If an owner or occupier of land either directly or
by implication induces persons to come upon his prem-
ises, he thereby assumes an obligation that such prem-
ises are in a reasonably safe condition, so that the
persons there by his invitation shall not be injured by
them or in their use for the purpose for which the in-
vitation was extended." Hart v. Washington Park
Club, 157 Ill. 13. In Lake Shore & Mich. Sou. Ry. Co.
v. Bodemer, 139 Ill. 609, it was said, "A mere passive
acquiescence by an owner or occupier in a certain use
of his land by others involves no liability; but if he
directly or by implication induces persons to enter on
and pass over his premises, he thereby assumes an ob-
ligation that they are in a safe condition suitable for
such use and for a breach of this obligation he is liable
in damages to a person injured thereby."

The second and third counts charge that appellant
consented that appellee and other servants of the rail-
way company might enter said tunnel to construct
wires, and that while appellee was in the tunnel in the
construction of said wires, appellant negligently oper-
ated a train therein by failing to have a light and by

failing to sound a warning whereby, while appellee was in the exercise of care for his own safety, he was injured. All of said counts stated a good cause of action.

It is next urged there was a variance between the allegations and the proof in each count of the declaration and this question was raised on the trial by motion to exclude the evidence. The counts charged that appellee was engaged in the tunnel in constructing and erecting wires and while so engaged the engine collided with him. The evidence was that he had entered the tunnel on his way to work with the other men so engaged and was carrying a ladder upon his shoulder and that the ladder was struck by the engine injuring him. This variance does not appear to be a substantial and material one. The evidence shows appellee was engaged in the tunnel in the construction of wires in which work the ladder was used, and it would be too narrow a construction of his work to confine it to simply putting up wires. His going to and fro in the tunnel in pursuit of the work was part of it and appellant had furnished a watchman during the whole work. Proof that the engine struck the ladder he was carrying instead of striking him, is sufficient proof of the averment that the engine collided with him. The ladder was part of him at the time.

It is also contended the evidence does not sustain the declaration. The evidence shows that when the work was contemplated the railway company asked appellant to furnish a flagman for the protection of the men of the railway company on the steam tracks of the lower roadway as they would have to use a ladder in doing the work, and appellant responded that it would make the necessary detailed arrangements so that the railway company could do the work and at the same time be properly protected against trains. The tunnel was a dark and dangerous place in which to work, or to be. There were two tracks to accommodate the movement of trains each way and a train

passed one way or the other every five minutes. Appellant realized this when it gave permission to construct the wires and said the men would be properly protected from trains. There was evidence that the guard or watchman furnished by appellant watched for appellee and the other servants of the railway company from the time the work commenced on the east end of the bridge on Monday, and continued while it progressed across the bridge and into what was called the tunnel. On Wednesday the wires had been constructed to about Second Street, some distance into what was called the tunnel. The tracks were not yet under ground there, but were enclosed on all sides and the place was dark. On Thursday morning appellant's watchman met appellee and the other men with him at the east end of the bridge and went across with them. When they had gone into the tunnel they had about reached the place where the work was to be resumed. Appellee was coming a short distance behind in the tunnel. He carried a fourteen-foot ladder. A freight train passed on the south track going west and left a dense fog of smoke and steam in the tunnel. While they were waiting for that train to pass, a passenger train carrying no lights and giving no warning suddenly came through the tunnel from the west. Some of the men barely escaped being struck by this train. This was the train which struck the ladder while appellee was walking between the tracks. There was no warning by the flagman of the approach of that train.

While it appeared that appellant's watchman was voluntarily assisted in watching for and giving warning of trains by one, and sometimes two servants of appellee as a measure of greater precaution, this did not relieve appellant of the duty to use the reasonable care required by the law to protect those it had invited there. It was a place of great peril, and it was appellant's duty to use care commensurate with such peril while the servants of appellee were on the premises. This it assumed to do and whether it did so was

a question for the jury. It is claimed the evidence does not show the employes of the railway company were relying upon the watchman to protect them while they were going to and from the work, and that as they walked some distance apart it would be impossible for one man to guard them. What the watchman had done was to watch for trains and to warn, and this the employees of the railway company would naturally expect him to do. We think the evidence does not show they were not relying upon such protection, and they were not so far apart that warning to all could not have been given if reasonable care required it.

The evidence in the case shows an invitation upon the most dangerous of premises, a failure to warn as appellant had warned from the beginning of the work, and the operation of the train that caused the injury without signal or light, and this when appellant had notice of the presence of the men on the premises.

There was no error in refusing to instruct the jury to disregard either count of the declaration. The evidence was sufficient that appellee was in the exercise of reasonable care, and that appellant was guilty of negligence and the court committed no error in not directing a verdict, nor in refusing to set aside the verdict of the jury.

It is said that the injury having occurred in the State of Missouri, the law of the case as to appellant's responsibility must be governed by the law of that state and a number of decisions of its courts of review are cited. All the cases cited are upon questions of the contributory negligence of the plaintiff where the facts were entirely dissimilar to the facts in this case, and are not controlling.

Appellant complains of the refusal of the court to give several of its instructions but as no reason is pointed out why they should have been given, error assigned thereon will be deemed to have been waived.

The judgment will be affirmed.

*Affirmed.*